United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-50964
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT CARDENAS-TAPIA, also known as Roberto Cardenas-Tapia,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-130-1-WWJ
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Robert Cardenas-Tapia challenges the sentence he received following his guilty-plea conviction for illegally reentering the United States, a violation of 8 U.S.C. § 1326. Cardenas argues, for the first time on appeal, that the district court plainly erred under United States v. Booker, 125 S. Ct. 738 (2005), when it sentenced him under a mandatory guideline sentencing scheme. The argument is reviewed for plain error. United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mares, 402 F.3d 511, 520 (5th Cir.), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005).

In light of Booker, the district court clearly erred in computing Cardenas's sentence under a mandatory guidelines system. See United States v. Valenzuela-Quevedo, ___ F.3d ___, No. 03-41754, 2005 WL 941353, *4 (5th Cir. Apr. 25, 2005). Nevertheless, because Cardenas has not demonstrated that the district court would have imposed a different sentence had it known that the sentencing guidelines were advisory only, he has failed to demonstrate that the error affected his substantial rights.[**] Mares, 402 F.3d at 521-22. Accordingly, Cardenas has failed to carry his burden of demonstrating plain error.

Cardenas concedes that the issue whether 8 U.S.C. § 1326(b)(1) & (b)(2) were rendered unconstitutional by Apprendi v. New Jersey, 530 U.S. 466 (2000), and subsequent Supreme Court precedent is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), and he raises it solely to preserve it for further review by the Supreme Court. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). We therefore must follow Almendarez-Torres "unless and until the

---

[**] Cardenas's argument that Mares was wrongly decided is unavailing. Absent en banc reconsideration or a superseding contrary decision of the Supreme Court, one panel may not overrule the decision of a prior panel. United States v. Ruff, 984 F.2d 635, 640 (5th Cir. 1993).

Supreme Court itself determines to overrule it." Dabeit,

231 F.3d at 984.

AFFIRMED.